STATE OF NORTH CAROLINA
v.
RUSSELL WAYNE REID II
No. COA09-22
Court of Appeals of North Carolina
Filed: August 4, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Joseph E. Elder, for the State.
Leslie C. Rawls for defendant-appellant.
BRYANT, Judge.
Defendant Russell Reid II appeals from judgments entered upon his convictions for felony possession of cocaine, misdemeanor possession of marijuana and resisting a public officer, and having attained habitual felon status. Defendant contends that the trial court erred when it denied his motion to suppress an oral statement he made to police officers. We find no error.

Facts
On 21 May 2007, the Forsyth County grand jury returned a three-count indictment against defendant for possession of cocaine, resisting arrest, and possession of marijuana. On the same date, the grand jury returned a separate indictment against defendant for having attained habitual felon status.
On 17 April 2008, defendant filed a motion to suppress oral statements he made to officers while in custody. Defendant contended that he made the statements before he was advised of his Miranda rights and as a result of police interrogation. The motion came on for hearing on 14 July 2008.
The State's evidence at the suppression hearing tends to show that on 9 September 2006, Winston-Salem police officers Todd Hart and Ralph Mason were dispatched to investigate reports of a pending drug transaction involving a red car with two kilograms of cocaine in it. When the officers arrived in the area where the transaction was supposed to occur, they found three people sitting in a red car. Defendant was sitting in the right, rear seat of the car. The officers approached the car, and the driver, Michael Hawkins, consented to a search of the car.
The officers had begun searching the car when Officer Keith Miller arrived. As defendant got out of the car, Officer Miller saw defendant drop something in the car and alerted the other officers. Officer Hart searched defendant and found marijuana in his right front pants pocket. Officers also found cocaine on the floorboard, under the front passenger seat. As defendant sat handcuffed about five feet away, Officer Hart and Officer Mason conferred to divide up investigative responsibilities. Officer Mason told Officer Hart he would weigh the drugs "to make sure it's not enough for trafficking." Defendant then said, "It's only nine grams." The officers were not speaking to defendant nor did they ask defendant any questions.
After hearing the evidence, the trial court entered an oral order denying defendant's motion to suppress. The trial court concluded that defendant's statement to the officers was made "freely and voluntarily, free from any coercion, threats, or duress," and that defendant's statement was "not made in response to any actions or questions from any law-enforcement officer."
The State's evidence at trial describing the incident was substantially the same as the evidence at the suppression hearing. In addition, a State Bureau of Investigation analyst testified that the substance seized by the officers was 9.3 grams of cocaine, and the State introduced defendant's statement into evidence. The State's evidence also shows that after the officers transported defendant back to the magistrate's office, defendant asked Officer Mason what charges he would face. Officer Mason told defendant that he would be charged with possession of cocaine, possession of marijuana, and delaying and obstructing an officer. Defendant said, "Man, you're a pretty straight guy. Man, I ain't no big-time player. I'm just trying to get by, just trying to survive. Yeah, that's mine."
The jury found defendant guilty of all three substantive charges and having attained habitual felon status. The trial court found defendant to have a prior record level of IV and imposed a term of 133 to 169 months in prison for the possession of cocaine conviction based on defendant's habitual felon status. The trial court also imposed terms of 60 days in prison for resisting a public officer and 20 days in prison for possession of marijuana. Defendant appeals.
Defendant's three arguments on appeal all relate to the trial court's denial of his motion to suppress the statement he made describing the weight of the cocaine. Defendant argues that some of the trial court's findings of fact and conclusions of law that his initial statement to police was voluntary are not supported by the evidence, and, therefore, the trial court's order denying his motion to suppress is not supported by valid findings of fact or conclusions of law. We disagree.
"A trial court's findings of fact following a hearing on the admissibility of a defendant's statements are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." State v. Eason, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994), cert. denied, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995). "Accordingly, we review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions `reflect[] a correct application of [law] to the facts found.'" State v. Garcia, 358 N.C. 382, 391, 597 S.E.2d 724, 733 (2004), cert. denied, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005)(quoting State v. Golphin, 352 N.C. 364, 409, 533 S.E.2d 168, 201 (2000) (citation omitted)).
If a defendant's statement is the result of a custodial interrogation, the State may not introduce the statement into evidence at trial unless the defendant was first advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694 (1966). See State v. Barden, 356 N.C. 316, 331, 572 S.E.2d 108, 120 (2002), cert. denied, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003). In the context of Miranda, however, "`the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response.'" State v. Golphin, 352 N.C. 364, 406, 533 S.E.2d 168, 199 (2000) (quoting Rhode Island v. Innis, 446 U.S. 291, 301-02, 64 L. Ed. 2d 297, 308 (1980)), cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). Thus, officers' statements that are "`normally attendant to arrest and custody'" are not interrogations for Miranda purposes. State v. Dent, 174 N.C. App. 459, 465, 621 S.E.2d 274, 278 (2005) (quoting Innis, 446 U.S. at 300-02, 64 L. Ed. 2d at 307-08).
In this case, we find that the challenged findings of fact are supported by ample evidence and that the conclusions of law are a correct application of the relevant legal principles to the facts. At the outset, we note that there is no evidence, nor is there any contention from defendant, that the officers asked him a single question or directly addressed him to prompt his statement. In fact, all of the evidence indicates that the officers were standing several feet away from defendant and speaking to each other, not to defendant, when defendant made his statement. Defendant asks this Court to speculate that the officers' intent was to provoke his statement, but we decline to do so. Instead, as the trial court found, the evidence demonstrates the officers were speaking to each other about distributing the tasks attendant to any drug case, including arresting suspects and collecting and weighing evidence, and they could not be expected to anticipate that defendant would respond to their conversation. See Dent, 174 N.C. App. at 464-65, 621 S.E.2d at 278.
Because we find no error in the findings of fact or conclusions of law, we conclude that the trial court properly denied defendant's motion to suppress the statement. Defendant's assignments of error, therefore, are overruled.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Reported per Rule 30(e).